The defendant, however, both upon his brief and in open court, expresses his willingness and desire that the plaintiff shall be repaid the amount actually advanced to his testator, and to that end offers to consent to a judgment for $5,500. Upon this concession alone we refrain from reversing the judgment and dismissing the complaint.

The judgment will therefore be reversed, and the complaint dismissed, with costs and disbursements to the appellant, unless the plaintiff stipulates within 20 days that the judgment be reduced to $5,500, in which case the judgment as so reduced and modified will be affirmed, with costs and disbursements to the appellant. All concur.

---

(155 App. Div. 484.)

PEOPLE ex rel. McGOWAN et al. v. WARDEN OF CITY PRISON.

(Supreme Court, Appellate Division, Second Department. February 21, 1913.)

1. HABEAS CORPUS (§ 2*)—CONSTITUTIONAL AND STATUTORY PROVISIONS.

The right to the writ of habeas corpus, secured by Constitution of 1821, is the right as it existed when that Constitution was adopted, under the Habeas Corpus Act (St. 31 Charles II; Laws 1679, c. 2) and Laws N. Y. 1787, c. 39, Laws N. Y. 1801, c. 65, and Rev. Laws N. Y. 1813, c. 57, § 6.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 2; Dec. Dig. § 2.*]

2. HABEAS CORPUS (§ 26*)—CRIMINAL LAW (§ 576*)—DELAY IN PROSECUTING—REMEDY.

Under the Habeas Corpus Act (St. 31 Charles II; Laws 1679, c. 2) and Laws N. Y. 1787, c. 39, Laws N. Y. 1801, c. 65, and Rev. Laws N. Y. 1813, c. 57, § 6, and Const. N. Y. 1821, securing the right to the writ of habeas corpus as defined by those acts, a prisoner's right to discharge for failure to prosecute promptly must be secured by a motion in open court for that purpose, and not by habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 13, 21; Dec. Dig. § 26;* Criminal Law, Cent. Dig. §§ 1297–1304; Dec. Dig. § 576.*]

3. CRIMINAL LAW (§ 576*)—DELAY IN PROSECUTING—REMEDY.

Under Code Cr. Proc. § 668, providing that, if a defendant indicted for a crime, whose trial has not been postponed upon his own application, be not brought to trial at the next term in which the indictment is triable, the court may order the indictment dismissed, a motion for the dismissal of an indictment for delay in prosecuting must be made to the court in which the indictment is pending.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1297–1304; Dec. Dig. § 576.*]

Appeal from Special Term, Kings County.

Habeas corpus by the People, on the relation of William McGowan and others, against the Warden of the City Prison. From an order denying the relief asked, the relators appeal. Affirmed.

The opinion of Blackmar, J., at Special Term was as follows:

[1, 2] The relators ask their discharge because two terms of the court have been held since their indictment, and they have not been tried. It is claimed that this is one of the privileges of the writ of habeas corpus, which is secured by the Constitution of 1821. To

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

reach this result reference is made to the Habeas Corpus Act of Charles II (chapter 2 of the Laws of 1679), and to chapter 39 of the Laws of 1787, chapter 65 of the Laws of 1801, and chapter 57, § 6, of the Revised Laws of 1813. Undoubtedly the Constitution of 1821 put beyond the legislative impairment the privileges of the writ, and these privileges are defined by the law as it existed when that Constitution was adopted. I have read all these statutes, and have reached the conclusion that the right of discharge for failure to promptly prosecute is not according to section 7 of the act of Charles II. Such discharge was secured by a motion made in open court by the prisoner or any one in his behalf, and this provision is substantially carried through those other laws. These laws entitle the prisoner to discharge under certain conditions upon motion made to the court.

[3] If the motion is made after indictment, it seems to me that this necessarily requires that the motion be made to the court in which the indictment is pending. The title of the act of Charles II does not confine its provisions to proceedings in habeas corpus, for it reads:

"An act for the better securing the liberty of the subject and for the prevention of imprisonments beyond the seas."

Although the titles of some of the subsequent acts of the state of New York refer in terms to habeas corpus, yet the wording of the provisions for discharge for delay in prosecuting is substantially the same in all, and it is always provided that the discharge shall be upon motion made in court. These statutes are codified in sections 667 and 668 of the Code of Criminal Procedure. The relief is, as it always was, to be sought by motion in the court where the indictment is pending. The relators, therefore, are not entitled to their discharge from imprisonment. I see no reason on the record for admitting the relator Silver to bail. The other relators have been admitted to bail, whether pending the decision on habeas corpus, or to answer at the trial, I do not remember. Let orders be drawn accordingly and settle on notice on or before Wednesday, July 31, 1912.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Robert H. Elder, of New York City, for appellants.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for respondent.

PER CURIAM. Order affirmed, upon the opinion of Mr. Justice Blackmar at Special Term.

---

## WHITE v. STATE.

(Supreme Court, Appellate Division, Third Department. March 5, 1913.)

1. BRIDGES (§ 37*)—INDEPENDENT CONTRACTORS—NEGLIGENCE—PARTIES LIABLE.

Where the state undertook the construction of a bridge over a canal and railway tracks, and in connection therewith the repair of an elevated footbridge, used when the bridge itself was raised and could not be used, and, to the knowledge of its inspector in charge, the steps leading to the

---